# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARLENE EADS,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| **DECATUR UTILITIES,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief, liquidated damages, compensatory and punitive damages, costs and attorney's fees for the deprivation of rights suffered by the Plaintiff MARLENE EADS (hereinafter, "Plaintiff" or "Eads") caused by the Defendant, the DECATUR UTILITIES (hereinafter, "Defendant" or "Decatur Utilities"). Plaintiff claims that the actions of Defendant violated Plaintiff's rights protected by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* which prohibits discrimination in employment based on age. Plaintiff additionally claims that the actions of Defendant violated Plaintiff's rights protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12102 *et seq.* which prohibits discrimination in employment based on disability.

## II. JURISDICTION

4. This action arises under Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12102 *et seq.* which prohibit discrimination in employment

5. Jurisdiction is invoked pursuant to 28 U.S.C. §§1343(3) & (4), 29 U.S.C.§ 626(b) and (c)(1), 42 U.S.C. §12117(a) and 28 U.S.C. § 1331.

6. All conditions precedent to filing this action have been met by Plaintiff. On February 22, 2011, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination by the Defendant (Charge Number 420-2011-00993). This Charge was filed within 180 days of Plaintiff's knowledge of the last discriminatory event committed by Defendant. A statutory Right-to-Sue letter was issued by the EEOC on August 2, 2011. This action is filed within ninety (90) days of Plaintiff's receipt of her Right-to-Sue letter. Plaintiff has exhausted her administrative remedies as required by the ADEA and ADA prior to bringing this action.

## III. VENUE

7. This action properly lies in the Northern District, Northeastern Division, of the United States District Court of Alabama, pursuant to 28 U.S.C. §1391(b),

because Plaintiff is a resident of Morgan County and Defendant Decatur Utilities is located in Morgan County, both of which are in the Northern District of Alabama, Northeastern Division and because unlawful employment practices were committed in this judicial district.

## IV. PARTIES

8. Plaintiff is an adult citizen over the age of 40 and a resident of Morgan County, Alabama. Plaintiff's date of birth is December 4, 1949.

9. Defendant is a business employing more than 20 employees at all times relevant to this action and is located in Morgan County, Alabama.

## V. FACTS

10. In February 2000 Plaintiff was first employed by Defendant. Plaintiff continued to work for Defendant performing her job adequately and not being subjected to any disciplinary actions.

11. In the early summer of 2010, Plaintiff received inquires from management of Defendant on her intentions regarding her retirement. Plaintiff stated that her intentions were to continue to work for Defendant until her 67th birthday and retiring in December 2017.

12. In the past few years, Plaintiff was diagnosed with congestive heart failure - a chronic condition which requires continuous treatment which will

become more intensive as she ages. Additionally, Plaintiff has a history of other health problems which will cause additional treatment. Plaintiff's medical situation was known by Defendant. Plaintiff's medical condition is considered a "disability" as defined by the ADA. 42 U.S.C. §12102(2).

13. In August 2010, Plaintiff reviewed the calendar of the General Manager of Defendant via her computer terminal. The General Manager's calendar was open to all employees and could be viewed by any computer terminal of Defendant. Plaintiff saw something on the calendar regarding a job opening that she believed would have been of interest to another employee. Plaintiff informed the other employee of the item on the calendar, which the employee looked at from his own computer terminal. This employee is significantly younger (20's) than Plaintiff.

14. On August 16, 2010, Plaintiff was terminated from employment by Defendant. The reason given for Plaintiff's termination was that she improperly accessed the calendar of the General Manager and shared confidential information. Additionally, Defendant violated is own rules regarding the hearing process available to Plaintiff prior to her being terminated.

15. Plaintiff was replaced in her position by an employee in her early 40's. No disciplinary action was taken against the employee who also viewed the

4

General Manager's calendar.

16. Over the past few years, the human resources manager of Defendant, Christy Lamb ("Lamb") has terminated a high number of employees over the age of 40. These employees have either been terminated or forced to resign in lieu of termination. Additionally, employees who have had health problems have also been terminated or forced to resign by Ms. Lamb.

17. The termination of these employees over the age of 40 establishes a pattern and practice of age discrimination by Defendant. Employees who were terminated or constructively discharged by Ms. Lamb were terminated due to their age and not due to any workplace policy violations or failure to perform. Defendant terminated a high percentage of older employees in order that these employees not be able to retire with Defendant, saving Defendant substantial sums of money.

## VI. CAUSES OF ACTION

### COUNT I
### ADEA – AGE DISCRIMINATION

18. Plaintiff restates each allegation of Paragraphs 1 through 17 of Plaintiff's Complaint as if set out in full herein.

19. Plaintiff was terminated in August 2010 due to her age. Defendant

regularly terminated employees who reached a certain age to ensure that it would not be faced with potential medical issues and costs exacerbated by health problems of older employees. Additionally, Defendant did not want employees to retire with the business due to added costs of retired employees.

20. Plaintiff did not violate any workplace policy. Even if Plaintiff did violate a policy, a younger employee who violated the same policy was not treated the same as Plaintiff in that he was not terminated. Additionally, Plaintiff was replaced in her position with Defendant by a person more than 15 years younger than Plaintiff.

21. Defendant has exhibited evidence of a pattern and practice of discriminating against older employees over the past several years.

22. Plaintiff was terminated from employment with Defendant due to her age. This conduct was a violation of her civil rights protected under the ADEA.

23. Defendant's conduct was committed with willful intent and reckless indifference to the federally protected rights of Plaintiff and was a violation of the ADEA.

WHEREFORE, Plaintiff demands judgment against Defendant Commission for lost wages and benefits, plus interest, future wages and benefits, liquidated damages, costs of litigation and attorney's fees.

## COUNT II
## ADA - DISABILITY DISCRIMINATION

24. Plaintiff restates each allegation of Paragraphs 1 through 23 of Plaintiff's Complaint as if set out in full herein.

25. Plaintiff was terminated in August 2010 due to her disability. Defendant regularly terminated employees who had health problems to ensure that it would not be faced with potential medical issues and costs exacerbated by health problems of employees with existing health issues.

26. Plaintiff did not violate any workplace policy. Even if Plaintiff did violate a policy, an employee who did not have a disabling condition who violated the same policy was not treated the same as Plaintiff in that he was not terminated.

27. Plaintiff was a qualified individual with a disability and was terminated from employment with Defendant due to her disability. This conduct was a violation of her civil rights protected under the ADA.

28. Defendant's conduct was committed with malice and reckless indifference to Plaintiff's federally protected rights and in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against Defendant Commission for lost wages and benefits, plus interest, future wages and benefits, compensatory damages, punitive damages, and litigation costs and attorney's fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

a. All back pay and/or unpaid compensation from the date of her termination of employment;

b. Compensatory damages for loss of future wages and benefits, damage to her reputation, mental anguish, embarrassment, emotional stress, both past and future;

c. Punitive damages for the egregious violations of Plaintiff's federally protected rights committed with malice and reckless indifference;

d. Liquidated damages for the willful violation of Plaintiff's rights under the ADEA;

e. Injunctive relief;

f. Pre-judgment interest;

g. Attorney's fees;

h. Costs;

I. Such other legal and equitable relief as may be appropriate to effectuate the purposes of the ADEA and the ADA or to which Plaintiff may be entitled.

Respectfully submitted,

_/s/ Gregg L. Smith_
GREGG L. SMITH
Attorney for Plaintiff Marlene Eads
BAR I.D. No.: ASB-0788-i68g

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS.**

_/s/ Gregg L. Smith_
GREGG L. SMITH
Attorney for Plaintiff Marlene Eads

**OF COUNSEL:**
**Gregg L. Smith**
Attorney at Law
4905 Branch Mill Circle
Birmingham, Alabama 35223
(205) 956-0101
greggsmith@bellsouth.net

DEFENDANT TO BE SERVED BY PERSONAL SERVICE AT THE FOLLOWING ADDRESS:

DECATUR UTILITIES
1002 Central Parkway SW
PO Box 2232
Decatur, AL 35609

9